UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT HARRIS,

        Plaintiff,

v.                                       Case No:   6:25-cv-230-GAP-LHP

SAAB, INC.,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANT'S AMENDED MOTION TO COMPEL (Doc. No. 24)**
>
> **FILED:**  October 8, 2025
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

In this case, Plaintiff alleges that Defendant, his employer, engaged in race-based discrimination in violation of Title VII, 42 U.S.C. § 1981, and the Florida Civil Rights Act.   Doc. No. 1.   Plaintiff seeks, among other things, back pay and benefits and emotional distress damages.   *Id.* at 1.

By the present motion, Defendant seeks to compel Plaintiff to comply with its Requests for Production and Interrogatories served in July 2025, specifically to produce responsive documents to Request 25 and a better response to Interrogatory 13,[1] both of which relate to Plaintiff's medical records and medical providers, as well as responsive documents to Request 34, which relates to Plaintiff's financial information, including tax returns. Doc. No. 24; *see also* Doc. No. 24-1; Doc. No. 24-2. Defendant also seeks to compel Plaintiff to execute releases for disclosure and production of medical records, or alternatively to facilitate efforts to obtain those records through third party subpoenas, as it relates to Request 25. *Id.* Plaintiff objected to the requests and interrogatory on several bases, and provided limited response/production regarding same. Doc. No. 24-3; Doc. No. 24-4.

Defendant asserts that the information sought by each of these requests is discoverable and relevant to the claimed damages in this case. Doc. No. 24. According to the motion, the parties conferred regarding these issues but were unable to resolve them. *Id.* at 3. Nonetheless, Plaintiff has not responded to Defendant's motion, and his time for doing so expired on October 14, 2025. *See* Doc. No. 16 ¶ 5 (providing that opposition briefing to a discovery motion must be

---

[1] The motion elsewhere cites Interrogatory 1, but Defendant's conclusion and request for relief cites only Interrogatory 13. *Compare* Doc. No. 24, at 1, *with id.*, at 3. Accordingly, Interrogatory 1 is not further addressed herein.

- 2 -

filed no later than five days after the motion); *see also* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the Court deems Defendant's motion to be unopposed in all respects. *See* Doc. No. 16 ¶ 5 (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel as unopposed when opposing party failed to file a timely response in accordance with Standing Discovery Order); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

On review, given the lack of response from Plaintiff, the Court finds the unopposed motion well taken. *See Maddow v. Procter and Gamble Co.*, 107 F.3d 846, 853 (11th Circ. 1997) (affirming decision compelling production of tax records in employment/age discrimination case, as they were arguably relevant); *Dickerson v. Barancik*, No. 8:18-cv-895-T-36JSS, 2019 WL 9904279, at *1 (M.D. Fla. Nov. 5, 2019)

("[C]ourts in the Middle District of Florida have ruled that a plaintiff's medical records are discoverable where they are relevant to the plaintiff's claims for physical or mental injuries." (collecting authority)); *Cupp v. United States*, No. CV512-005, 2015 WL 510134, at *3 (S.D. Ga. Feb. 6, 2015) ("While the Court of Appeals for the Eleventh Circuit has not addressed this issue, district courts in this Circuit have recognized a party's ability to request the production of a signed HIPAA authorization and the court's ability to order compliance therewith."); *Vidovic v. City of Tampa*, No. 8:16-cv-714-T-17AAS, 2017 WL 10294805, at *2 (M.D. Fla. Mar. 20, 2017) (compelling production of executed copies of medical releases).

Accordingly, it is **ORDERED** as follows:

1. Defendant's Amended Motion to Compel (Doc. No. 24) is **GRANTED**.

2. Within **fourteen (14) days** of the date of this order, Plaintiff shall serve on Defendant all documents in his current possession, custody, or control responsive to Requests 25 and 34, and Plaintiff shall also serve executed releases for the disclosure and production of medical records.

3. Within **fourteen (14) days** of the date of this Order, Plaintiff shall serve on Defendant a verified and supplemental answer to Interrogatory 13 identifying the medical professionals from whom Plaintiff sought treatment within the past five years.

4. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same); *Weaver*, 2024 WL 4275221, at *2 (same).

4. **Failure to comply with this Order may result in sanctions. *See* Fed. R. Civ. P. 37(b).**[2]

**DONE** and **ORDERED** in Orlando, Florida on October 16, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] Defendant does not request an award of fees and costs or any other relief in its motion, *see* Fed. R. Civ. P. 37(a)(5); accordingly, the Court declines to award any further relief at this time.